**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian A. STANDIFORD, Defendant–
Appellant.**

No. 98–1195.

United States Court of Appeals,
Seventh Circuit.

Argued June 3, 1998.

Decided July 10, 1998.

Andrew B. Baker, Jr., Office of the United States Attorney, Dyer, IN, for Plaintiff–Appellee.

Michael B. Cohen (argued), Maywood, IL, for Defendant–Appellant.

Before BAUER, EASTERBROOK and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Pursuant to a plea agreement, Brian A. Standiford pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. In that agreement, Mr. Standiford agreed to waive his right to appeal his sentence on any ground. However, prior to his sentencing, Mr. Standiford asked to withdraw from the plea agreement and sought to plead guilty without a plea agreement. The district court denied his request and sentenced him as a "career offender" pursuant to U.S.S.G. § 4B1.1. In this appeal, Mr. Standiford contends that the district court abused its discretion in refusing to allow him to withdraw from the plea agreement, that the court erred in sentencing him as a career offender, and that the court erred in refusing to depart downward for extraordinary rehabilitation. Because we conclude that the district court did not abuse its discretion in refusing to allow Mr. Standiford to withdraw from the plea agreement, he remains bound by that agreement including the waiver of his right to appeal. Accordingly, his appeal from the imposition of sentence is dismissed. He also protests the district court's order to reimburse the United States for attorney's fees expended on his behalf. We affirm this order of the district court.

# I

## BACKGROUND

On May 27, 1997, Brian A. Standiford was arrested on the suspicion that he had committed three bank robberies in Northwest Indiana. Subsequent to his arrest, the district court appointed attorney William O'Toole to represent Mr. Standiford. On April 18, 1997, an information was filed charging Mr. Standiford with three counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. Count I charged Mr. Standiford with robbing $4,045 from the NBD Bank of Portage, Indiana on March 24, 1997. Count II charged him with robbing $2,240 from the Centier Bank of Chesterton, Indiana, also on March 24, 1997. Finally, Count III charged Mr. Standiford with robbing $9,563 from the First National Bank of Valparaiso, Indiana, on March 26, 1997.

On April 23, 1997, Mr. Standiford appeared before a magistrate judge and waived prosecution by indictment. On May 22, 1997, he appeared before the district court with counsel and pleaded guilty to the three robberies pursuant to a plea agreement with the government. In that agreement, the government agreed that Mr. Standiford had accepted responsibility for his offense under U.S.S.G. § 3E1.1 and that he should receive the minimum term of imprisonment in the applicable guideline sentencing range. In exchange, Mr. Standiford agreed to waive his right to appeal his sentence on any ground, as well as his right to contest his sentence in a post-conviction proceeding. After an extensive colloquy with Mr. Standiford pursuant to Federal Rule of Criminal Procedure 11, the district court accepted the defendant's guilty plea. The district court reserved acceptance of the plea agreement pending its review of the presentence report.

Mr. Standiford subsequently wrote two pro se letters to the district court seeking to enter his plea of guilty without a plea agreement. In both letters, Mr. Standiford claimed that no one, including his attorney, Mr. O'Toole, explained to him that the plea agreement included a provision whereby he waived his right to appeal his sentence. On November 20, 1997, the district court denied Mr. Standiford's request to withdraw from the plea agreement because, when questioned by the court during the Rule 11 colloquy, Mr. Standiford had assured the court that he understood that the agreement included a waiver of his right to appeal his sentence.

Next, on December 9, 1997, Mr. O'Toole filed a motion seeking to withdraw as Mr. Standiford's attorney. At a hearing several days later, the district court allowed Mr. O'Toole to withdraw after Mr. Standiford advised the court that he had retained new counsel. The court indicated that Mr. Standiford would be required to reimburse the

court for the services of Mr. O'Toole. Subsequently, Mr. Standiford's new counsel, Michael B. Cohen, filed his initial appearance on behalf of Mr. Standiford. Prior to sentencing, Mr. Standiford filed a motion asking the district court to reconsider his earlier request to withdraw from the plea agreement. That motion was denied.

Mr. Standiford was sentenced on January 14, 1998. Because he had two prior state convictions for bank robbery, the court sentenced Mr. Standiford as a career offender, *see* U.S.S.G. § 4B1.1, resulting in an offense level of 32 and a criminal history category of VI. The court reduced the offense level to 29 pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a guideline range of 151 to 188 months. The court denied Mr. Standiford's motion to depart downward for extraordinary rehabilitation. Accordingly, pursuant to the plea agreement, the court sentenced Mr. Standiford to the minimum term of imprisonment in the applicable guideline sentencing range, 151 months. Mr. Standiford was also ordered to make restitution to the banks and to reimburse the court for the services of his court-appointed attorney, Mr. O'Toole. On appeal, Mr. Standiford asserts that the district court erred in sentencing him as a "career offender" and in denying his motion for a downward departure. In addition, he contends that the court abused its discretion by requiring him to pay for the services of Mr. O'Toole.

## II

## DISCUSSION

### A.

█ Despite his promise not to do so, Mr. Standiford now appeals his sentence. The law in this circuit is clear: Waivers of appeal are enforceable. *See United States v. Hicks*, 129 F.3d 376, 377 (7th Cir.1997); *United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 516 U.S. 936, 116 S.Ct. 349, 133 L.Ed.2d 245 (1995). However, in the district court, Mr. Standiford sought to withdraw from the plea agreement on the ground that, when he accepted the agreement, he did not know he was waiving absolutely his right to

appeal his sentence. *Cf. Hicks*, 129 F.3d at 377 (waivers of appeal must be knowing and voluntary). In two pro se letters to the district court, Mr. Standiford claimed that no one, including his attorney, explained to him that the plea agreement included a provision whereby he waived his right to appeal his sentence. In ruling on that request, the court noted that, prior to accepting Mr. Standiford's guilty plea, it had conducted a careful colloquy with him pursuant to Federal Rule of Criminal Procedure 11 to ensure that he was knowingly and voluntarily choosing to plead guilty according to the terms of his agreement with the government. On two occasions during that colloquy, Mr. Standiford assured the court that he understood that he was waiving his right to appeal his sentence. Based on these answers, the court denied Mr. Standiford's request to withdraw from the plea agreement. Prior to sentencing, Mr. Standiford, with the assistance of new counsel, filed a motion asking the court to reconsider its earlier decision. In that motion, he asserted that his first attorney was ineffective by virtue of his failure to explain fully the consequences of the appeal waiver. The district court denied that motion in open court relying on the reasons stated in its earlier order.

At the outset, we note that Mr. Standiford did not ask the district court for permission to withdraw his guilty plea. Rather, he asked to withdraw from the plea agreement under which the plea of guilty had been entered. As required by U.S.S.G. § 6B1.1, the district court had deferred final judicial acceptance of the plea agreement until sentencing and had informed Mr. Standiford that he could withdraw from the agreement if, contrary to the terms of the plea agreement, the court decided on a sentence in excess of that contemplated by the agreement.

█ Mr. Standiford suggests that because the agreement had not yet been approved by the district court, he had the right to withdraw from the entire agreement. We cannot accept this reasoning. As Judge Flaum noted in *United States v. Ellison*, 798 F.2d 1102, 1104 (7th Cir.1986), *cert. denied*, 479 U.S.

1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987), a plea agreement is a contractual arrangement between two parties, the defendant and the government. The court is not a party to the contract. See *id.* Here, the contract contained a stipulation that, if the district court were to decide upon a sentence in excess of that agreed upon by the parties, the defendant would be excused from performance. In *United States v. Hyde*, 520 U.S. 670, ——, 117 S.Ct. 1630, 1634, 137 L.Ed.2d 935 (1997), the Supreme Court characterized such a stipulation as a "condition subsequent" that, if it occurred, would extinguish the defendant's contractual obligation to plead guilty.[1] This characterization, grounded in traditional contract law principles,[2] makes it clear that Mr. Standiford was not free to disregard his contractual undertaking simply because the time for the occurrence of a condition subsequent that might have excused performance, had it occurred, had not yet elapsed.

■ Because the Supreme Court in *Hyde* considered a plea agreement intact unless or until the occurrence of a condition subsequent excused performance and further acknowledged that the plea agreement and the plea are "bound up together," 117 S.Ct. at 1634, we believe that it is appropriate to employ the standards of Federal Rule of Criminal Procedure 32(e) to determine whether Mr. Standiford ought to be allowed to withdraw from his plea agreement. *See Ellison,* 798 F.2d at 1104 ("Defendant pled guilty pursuant to his promise to the government and, absent some breach by the government, now cannot attempt to repudiate the contract unless he does so pursuant to Rule 32(d) [now Rule 32(e) ]."); *see also United States v. Miller,* 3 F.Supp.2d 376, 384–85 (W.D.N.Y.1998) (analyzing defendant's request to withdraw from plea agreement and enter guilty plea without agreement under standards of Federal Rule of Criminal Procedure 32(e)).

■ Federal Rule of Criminal Procedure 32(e) provides that a district court "may permit" a defendant to withdraw his guilty plea before sentencing upon a showing of "any fair and just reason." We shall reverse a district court's decision to hold a defendant to his plea only for an abuse of discretion. *See United States v. LeDonne,* 21 F.3d 1418, 1423 (7th Cir.1994), *cert. denied,* 513 U.S. 1020, 115 S.Ct. 584, 130 L.Ed.2d 498 (1994). "In reviewing the district court's decision, findings regarding whether the defendant has demonstrated a 'fair and just reason' will be upheld unless they are clearly erroneous." *Id.* In this case, Mr. Standiford asserts that he presented two "fair and just" reasons: (1) He did not knowingly and intelligently waive his right to appeal his sentence; and (2) he was denied effective assistance of counsel because his first attorney advised him to accept the plea agreement, which, in Mr. Standiford's view, provided no benefits to him, and did not explain fully the consequences of the provision waiving Mr. Standiford's right to appeal his sentence.

■ Mr. Standiford's first assertion is that he did not knowingly and intelligently waive his right to appeal his sentence. As an initial matter, we note that the district court conducted a careful colloquy with Mr. Standiford pursuant to Federal Rule of Criminal Procedure 11. The whole point of the Rule 11 colloquy is to establish that the plea was knowingly and voluntarily made. *See United States v. Ellison,* 835 F.2d 687, 693 (7th Cir.1987). Accordingly, "in a Rule 32 proceeding, when the court is asked to reevaluate the defendant's intent at the time of the entry of a plea, that reviewing court's ultimate determination of the defendant's state of mind depends, in large part, on what defendant said during the Rule 11 colloquy." *Id.* Moreover, the record that is created at a Rule 11 hearing is accorded a "presumption of verity." *United States v. Trussel,* 961 F.2d 685, 689 (7th Cir.1992). Thus, a defendant who files a motion to withdraw his plea on the ground that his plea was not knowing and voluntary, contrary to his assertions at the Rule 11 proceeding, faces a heavy burden

---

**1.** *See Hyde,* 117 S.Ct. at 1634 (citing J. Calimari & J. Perillo, *Law of Contracts* § 11–7, at 441 (3d ed.1987); 3A A. Corbin, *Corbin on Contracts* § 628, at 17 (1960)).

**2.** *See* E. Allan Farnsworth, *Farnsworth on Contracts* § 8.2, at 349 (1990); John Edward Murray, Jr., *Murray on Contracts* § 101 (3d ed.1990); *cf.* Restatement (Second) of Contracts § 230.

of persuasion. See *Ellison*, 835 F.2d at 693. "'The district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to [his] admissions at the Rule 11 hearing.'" *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir.1995) (quoting *United States v. Groll*, 992 F.2d 755, 758 (7th Cir. 1993)).

After reviewing the record of the Rule 11 hearing, we conclude that the district court's determination that Mr. Standiford "knowingly and intelligently chose to accept all the provisions of his plea agreement" was not clearly erroneous. Mr. Standiford, under oath, explicitly assured the district court that he had read the agreement, that he had discussed the terms of the agreement with his attorney and, most significantly, that he understood that the agreement included a waiver of his right to appeal his sentence. *See* Tr. Vol. I at 12, 22, 28. Indeed, the district court twice asked Mr. Standiford if he understood that he was "waiving, or giving up" his right to appeal his sentence. *See id.* at 22, 28. On each occasion, Mr. Standiford replied in the affirmative without hesitation. In the face of this record, Mr. Standiford simply asserts that, despite what he said at the Rule 11 hearing, he did not know he was waiving his right to appeal his sentence when he entered into the plea agreement. This self-serving assertion is unsupported by the record and fails to meet the heavy burden of persuasion necessary to overcome the presumption of verity accorded the record of the Rule 11 hearing.

■ Mr. Standiford next asserts that the district court should have allowed him to withdraw from the plea agreement because he was denied effective assistance of counsel. "In order to succeed on such a claim, a defendant must show that the advice on which his plea was predicated not only was not within the range of competence demanded of attorneys in criminal cases, but also

that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *United States v. Malave*, 22 F.3d 145, 147 (7th Cir. 1994) (internal quotations and citations omitted). "In examining a lawyer's performance, we 'indulge a strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance.'" *Trussel*, 961 F.2d at 690 (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ In this case, we need not engage in a detailed analysis of each prong of the Strickland test. In fact, the district court did not make an explicit ruling on this issue.[3] Instead, the court stated: "No matter what transpired (or did not transpire) between Standiford and [his attorney], the court led Standiford through the plea agreement step by step, and was satisfied by the end of the hearing that Standiford understood the full effect of his guilty plea, including the maximum penalty he faced under the agreement, the method by which the court would ultimately determine his penalty, and the waiver of his right to challenge that penalty through an appeal." We agree with the district court. Ultimately, Mr. Standiford's attempt to withdraw from the plea agreement due to ineffective assistance of counsel fails for the same reasons as his first contention—it is contradicted by his own answers during the Rule 11 colloquy and finds no support anywhere in the record. Indeed, at that hearing, the court asked Mr. Standiford if he was fully satisfied with the representation and advice of his attorney and he replied in the affirmative. *See* Tr. Vol. I at 9. Moreover, as we noted earlier, Mr. Standiford explicitly assured the district court during the Rule 11 colloquy that he had read the agreement, discussed it with his attorney, and understood that it contained a waiver of his right to appeal his sentence. *See* Tr. Vol. I at 12, 22, 28. Additionally, in the signed ·plea

**3.** As we noted earlier, Mr. Standiford first asked the court to withdraw from the plea agreement in two pro se letters mailed directly to the court. Although Mr. Standiford did not make explicitly the ineffective assistance of counsel argument in those letters, such an argument can be inferred from their content. The court denied Mr. Standiford's request in a written order. With the assistance of his new attorney, Mr. Standiford subsequently filed a formal motion asking the court to reconsider its earlier decision denying his request to withdraw from the plea agreement. The court denied that motion in open court relying on the reasons stated in its earlier order.

agreement, Mr. Standiford agreed that his lawyer had done "all that anyone could do to counsel and assist me." R.12 at 6. In the face of this record, the district court was justified in not crediting Mr. Standiford's self-serving assertion that his first attorney's representation was constitutionally substandard. *See Messino*, 55 F.3d at 1248, 1252–53. Accordingly, we conclude that the district court's rejection of Mr. Standiford's attempt to withdraw from the plea agreement due to ineffective assistance of counsel was not clearly erroneous.

### B.

■■■ Mr. Standiford also challenges the district court's decision to require him to reimburse the government for the amount of funds it disbursed to his court-appointed attorney. Before sentencing, Mr. Standiford decided to discharge this attorney and to retain, apparently with financial assistance from his family, another attorney. At that point, the district court informed Mr. Standiford that he would be ordered to reimburse the government for the expenses that it had incurred in his defense. The defendant informed the district court that he did not have any money and that his family had retained the attorney on his behalf. When the district court repeated the direction that he pay, the defendant answered, "whatever." When a spectator in the courtroom, who turned out to be the defendant's mother, asked if the defendant could examine the attorney's voucher, the district court responded in the affirmative. The record discloses no further discussion of the matter when the defendant appeared for sentencing with his new counsel. The district court imposed the obligation to reimburse the government as part of the oral rendition of the sentence. He later incorporated the requirement in the written judgment order as a cost of the criminal prosecution.[4] On appeal, Mr. Standiford simply states that he remains indigent and that his family retained the new attorney.

■■■ We do not think that the imposition of this fee can be considered a part of the sentence.[5] Although the district court imposed it in the course of the sentencing process, it must be regarded as an independent civil liability imposed by the court pursuant to 18 U.S.C. § 3006A(f).[6] Because the reimbursement order is not part of the sentence, Mr. Standiford has not waived his right to appeal this point. As the matter comes to us, the only issue that Mr. Standiford has preserved for review is whether the district court properly considered funds available to the defendant from family members. We believe that the plain wording of the statute forecloses this argument.

### Conclusion

For the reasons stated in the foregoing opinion, we conclude that the district court did not abuse its discretion in denying Mr. Standiford's requests to withdraw from the plea agreement. As part of that agreement, Mr. Standiford waived his right to appeal his sentence. Accordingly, his appeal from the imposition of sentence is dismissed. The district court's order requiring reimburse-

---

4. The district court has the authority to impose costs in a non-capital criminal prosecution. *See* 28 U.S.C. § 1918(b); *see also United States v. Pou*, 953 F.2d 363, 371–72 (8th Cir.1992), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1983, 118 L.Ed.2d 581 (1992); *United States v. Tzakis*, 736 F.2d 867, 873 (2d Cir.1984).

5. *See Wisconsin v. Glick*, 782 F.2d 670, 673 (7th Cir.1986) ("Section 1918(b) ... uses 'costs' in the usual sense, which excludes attorneys' fees.").

6. That subsection provides:

(f) Receipt of other payments.—Whenever the United States magistrate or the court finds that funds are available for payment *from or on behalf* of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (c) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section. Except as so authorized or directed, no such person or organization may request or accept any payment or promise of payment for representing a defendant.
18 U.S.C. § 3006A(f) (emphasis added).

ment of funds expended by the government under the Criminal Justice Act is affirmed.

DISMISSED IN PART and AFFIRMED IN PART.