165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Courtney Kenneth BELLAMY, Defendant-Appellant.
 No. 98-1013.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998.*
Decided Nov. 9, 1998.
Rehearing Denied Dec. 2, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 96-CR-133. Rudolph T. Randa, Judge.
 Before Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Courtney Bellamy pleaded not guilty to three counts of possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and the case proceeded to trial. At the close of the government's case, Bellamy entered pleas of guilty, which the district court accepted. Shortly thereafter, Bellamy filed a motion to withdraw his guilty pleas, which the district court denied. The court then sentenced Bellamy to 235 months' imprisonment on each of the counts, to run concurrently. Bellamy's fourth attorney, Thomas Hayes, filed a notice of appeal on Bellamy's behalf but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Bellamy was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), which he has done. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 On May 13, 1996, Bellamy surrendered to authorities after learning that law enforcement officials were looking for him in connection with the sale of over one kilogram of crack cocaine to Margaret Turner, a confidential government informant. Bellamy was represented at that time by Ronald Hendree, who tried to negotiate a deal with the government that would provide for a reduction of his client's sentencing exposure. The government informed Hendree that if Bellamy returned the $26,500 in "buy" money that Turner had paid Bellamy for the crack cocaine, it would recommend a sentence reduction of one to two years. Through Hendree, Bellamy returned approximately $17,000, but Hendree reported that the remaining money was stolen out of his car. Thereafter, plea negotiations crumbled and Hendree withdrew as counsel of record.
 
 
 3
 Stan Nelson replaced Hendree as Bellamy's lawyer. The case proceeded to trial, during which Turner testified that Bellamy sold her a kilogram of crack cocaine for $26,500. The government also presented tape-recorded conversations reflecting Bellamy's involvement in negotiating the three drug deals charged in the indictment. After the government rested, the defense sought an adjournment because its primary witness, Rhasaan Clemont, had not yet arrived at the courthouse. The court granted an adjournment until later in the afternoon but then refused to further delay the trial. At that point, Bellamy's counsel asked the government what it would offer in return for a guilty plea. Because it already had rested its case, the government refused to offer any sentencing concessions. Bellamy nonetheless entered guilty pleas, which the court accepted after conducting a Rule 11 colloquy.
 
 
 4
 Three weeks later, Bellamy filed a pro se motion to withdraw his guilty pleas and a motion for appointment of new counsel. The district court granted the motion for appointment of new counsel, and Bellamy's new lawyer, James Rebholz, filed a brief in support of the motion to withdraw. Rebholz argued that Bellamy was emotionally distraught when he pleaded guilty because attorney Nelson had failed to present the critical testimony of witness Clemont; was coerced by Nelson and family members "to save himself by pleading guilty"; and was innocent of the crimes charged because Clemont sold the cocaine.[2] The district court denied the motion to withdraw the guilty pleas on the ground that Bellamy failed to demonstrate a "fair and just reason" for withdrawal.
 
 
 5
 Prior to sentencing, Rebholz moved to withdraw as counsel based on a potential conflict of interest arising from a disciplinary proceeding pending against Hendree. The court granted the motion to withdraw and appointed Thomas Hayes in Rebholz's stead. Hayes filed an appeal on Bellamy's behalf after sentencing but now seeks to withdraw as counsel of record. In his Anders brief, counsel identifies two possible grounds for appeal.
 
 
 6
 First, counsel questions whether Bellamy could argue that the district court erred in denying his motion to withdraw the guilty pleas and in refusing to hold an evidentiary hearing on this matter. This court reviews the district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion, United States v.. Standiford, 148 F.3d 864, 868 (7 th Cir.1998), and its findings of fact for clear error. United States v. LeDonne, 21 F.3d 1418, 1423 (7 th Cir.1994). The decision whether to permit withdrawal of a guilty plea is made within the framework of Federal Rules of Criminal Procedure 11 and 32. Pursuant to Rule 32(e), a district court may permit a defendant to withdraw a guilty plea before sentencing if the defendant shows a "fair and just reason." Standiford, 148 F.3d at 868. The existence of a "fair and just reason" may depend on what was said at the Rule 11 hearing--a mandatory hearing conducted to inform the defendant of the elements of the charge to which he is pleading guilty and to gain assurance that the defendant understands the charges levied against him. LeDonne, 21 F.3d at 1423. The record created at the hearing is entitled to a "presumption of verity," and a defendant who seeks to undo his plea faces a heavy burden of persuasion. Standiford, 148 F.3d at 868-69.
 
 
 7
 In this case, the district court conducted a proper Rule 11 inquiry and ascertained that Bellamy's pleas were given knowingly and voluntarily. Indeed, in response to the district court's questions, Bellamy assured the court that he was not impaired by drugs, alcohol, or any psychological condition affecting his ability to think rationally; that he understood the nature of the charges against him; that he understood the rights he was waiving by pleading guilty; that no one had made any threats or promises to induce him to plead guilty; that he understood he faced a minimum mandatory sentence of ten years' imprisonment; and that he had discussed the decision to plead guilty with his lawyer. The district court's finding that Bellamy's statements were credible and given of his own free will was not clearly erroneous. Nor did the district court err in failing to credit Bellamy's other allegedly "fair and just reasons" for withdrawal: his claim of actual innocence and his assertion that his attorney rendered ineffective assistance of counsel. Tape recorded conversations between Turner and Bellamy, as well as Turner's trial testimony, established that, at a minimum, Bellamy aided and abetted the sale of over a kilogram of crack cocaine. Thus, even in the unlikely event that Clemont had confessed at trial that he was the owner and distributor of the crack cocaine, this testimony would not have shown that Bellamy was innocent of the crimes charged. See United States v. Malave, 22 F.3d 145, 147 (7 th Cir.1994). For these reasons, the district court was well within its discretion in refusing to grant Bellamy's motion to withdraw his guilty pleas, and a contrary argument on appeal would therefore be frivolous. Moreover, because Bellamy was unable to come forward with a "fair and just reason" for withdrawal of his guilty pleas, the district court was not required to hold an evidentiary hearing. United States v. Winston, 34 F.3d 574, 579 (7 th Cir.1994).
 
 
 8
 Counsel identifies as a second non-meritorious basis of appeal a claim that the district court improperly denied Bellamy's request for a sentence reduction based on his return of the "buy" money (minus the money allegedly stolen from attorney Hendree's car). We agree with counsel that this claim would be frivolous. Notwithstanding the district court's belief that Bellamy should receive the reduction, the court stated that it was powerless to grant the reduction absent a request from the government. This ruling was correct. See Melendez v. United States, 518 U.S. 120, 125-26, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996); United States v. Santoyo, 146 F.3d 519, 523 (7 th Cir.1998).
 
 
 9
 Bellamy raises three additional arguments in his response to counsel's Anders brief. First, he contends that the government failed to prove by a preponderance of the evidence that he sold Turner crack cocaine rather than some other form of cocaine base, such that the district court incorrectly sentenced him according to the guidelines for crack cocaine. This argument is frivolous because the parties stipulated at trial that numerous witnesses, if called to testify, specifically would have stated that Bellamy sold Turner crack cocaine.
 
 
 10
 Second, Bellamy asserts that the district court improperly amended the indictment in violation of his Fifth Amendment rights. The indictment charged Bellamy with possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). After the government rested, the court refused to adjourn the trial for more than a few hours while awaiting the allegedly exculpatory testimony of witness Clemont on the ground that, at a minimum, the government's evidence already had established that Bellamy had aided and abetted the sale of crack cocaine and, thus, that Bellamy was liable as a principal for violating § 841(a)(1). See 18 U.S.C. § 2(a) ("[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). It is this conclusion, which also served as a basis for the court's refusal to grant Bellamy's motion to withdraw his guilty pleas, that Bellamy contends constituted a constructive amendment. There is no merit to this assertion. As noted by the district court, the evidence was sufficient for a rational trier of fact to conclude that Bellamy at least aided and abetted the sale of crack cocaine, and this court made clear in United States v. Salazar, 983 F.2d 778, 782 (7 th Cir.1993), that a defendant may be charged as a principal yet convicted as an aider and abettor, notwithstanding the indictment's lack of reference to 18 U.S.C. § 2. Accordingly, there was no constructive amendment of the indictment.
 
 
 11
 Finally, Bellamy claims that three of his four attorneys rendered ineffective assistance of counsel: Hendree was ineffective when he lost a portion of the $26,500 "buy" money and thereby deprived Bellamy of the one to two year sentence reduction the government promised in exchange for the money's safe return;[3] Nelson was ineffective when he misled Bellamy into believing that, notwithstanding his guilty pleas, he could present additional evidence regarding the case; and Hayes was ineffective when he failed to familiarize himself with the sentencing guidelines pertaining to crack cocaine and failed to object when Bellamy was sentenced according to the crack cocaine guidelines. Typically, a claim of ineffective assistance of counsel is inappropriate on direct appeal because determination of the matter requires evidence that is outside of the record. United States v. Brooks, 125 F.3d 484, 495 (7 th Cir.1997); United States v. Woolley, 123 F.3d 627, 634 (7 th Cir.1997). In this case, the record "does not provide clear evidence of the ineffective assistance of counsel," and thus the matter is "not ripe for adjudication at the appellate level." United States v. Lang, 644 F.2d 1232, 1240 (7 th Cir.1981). Bellamy would be better served to pursue his ineffective assistance of counsel claims under 28 U.S.C. § 2255, where he could ask for an evidentiary hearing and call his various attorneys as witnesses. United States v. Taglia, 922 F.2d 413, 418 (7 th Cir.1991).
 
 
 12
 Because we conclude there are no non-frivolous issues for appeal, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 In an affidavit submitted in support of Bellamy's motion to withdraw his guilty plea, Clemont states that he, not Bellamy, purchased and delivered the crack cocaine in question to Turner
 
 
 [3]
 The Board of Attorneys Professional Conduct instituted proceedings against Hendree as a result of his conduct in this case and many other cases. In July of 1997, the Board concluded that Hendree had committed numerous acts of professional misconduct and suspended his licence to practice law for one year