# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 16, 2001

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff-Appellee,<br><br>No. 00-1869　　　　　　　v.<br><br>SHANTI BANKS-GIOMBETTI, also known<br>as SHANTI GIOMBETTI, also known<br>as SHANTI BANKS, and also known as<br>CHRISTOPHER COLUMBUS FORTE,<br>　　　Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Indiana, Hammond Division.<br>]<br>] No. 99 CR 62<br>]<br>] Rudy Lozano,<br>]　　　Judge.<br>]<br>] |

The court, on its own motion, **ORDERS** that the March 30, 2001 opinion in the above-captioned appeal is **AMENDED** as follows:

On Page 4 of the Slip Opinion, the second paragraph after "**II**" is replaced by the following:

> The district court's authority to assess costs against criminal defendants such as Mr. Giombetti is found in 28 U.S.C. § 1918(b) and Rule 57(b) of the Federal Rules of Criminal Procedure. Section 1918(b) provides that district courts may in their discretion assess the costs of prosecution against unsuccessful criminal defendants in non-capital cases. *See United States v. Standiford*, 148 F.3d 864, 870 n.4 (7th Cir. 1998); *United States v. Hiland*, 909 F.2d 1114, 1141 (8th Cir. 1990). The costs that may be assessed, however, must be authorized by statute, *United States v. Gering*, 716 F.2d 615, 626 (9th Cir. 1983); *United States v. Tzakis*, 736 F.2d 867, 873 (2d Cir. 1984); *United States v. DeBrouse*, 652 F.2d 383, 391 (4th Cir. 1981); *United States v. Pommerening*, 500 F.2d 92, 101 (10th Cir. 1974), and every court to address the issue

has held that, absent some other explicit statutory authority, 28 U.S.C. § 1920 provides the costs of prosecution that a court may assess under § 1918(b), *see Hiland*, 909 F.2d at 1142; *Gering*, 716 F.2d at 626; *DeBrouse*, 652 F.2d at 391; *cf. United States v. Stefonek*, 179 F.3d 1030, 1037 (7th Cir. 1999) (section 1920 provides the exclusive list of "costs of prosecution" that must be assessed against criminal defendants in tax prosecutions under I.R.C. §§ 7202, 7206); *Roadway Express Corp. v. Piper*, 447 U.S. 752, 759-60 (1980) (28 U.S.C. § 1927, allowing courts to assess costs for vexatiously multiplying proceedings, must be read in conjunction with § 1920); *United States v. Claros*, 17 F.3d 1041, 1044-45 (7th Cir. 1994) (same).  Under § 1920, a court may tax as costs (1) fees of the clerk and marshal; (2) fees of the court reporter for transcripts; (3) fees for printing and witnesses; (4) fees for exemplification and copies of documents; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.  Section 1920 does not list jury costs as a cost of prosecution. *Stefonek*, 179 F.3d at 1037.