**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Marco Antonio SANCHEZ–RODARTE,**
**Defendant–Appellant.**

No. 00–3397.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2001.

Decided April 26, 2001.

Before Hon. COFFEY, Hon. RIPPLE, and Hon. TERENCE T. EVANS, Circuit Judges.

### ORDER

In 1999 Immigration and Naturalization Service agents located Marco Antonio Sanchez–Rodarte at a correctional center in Fulton County, Illinois. Sanchez–Rodarte is a Mexican citizen who had been deported from the United States in 1995. In 1996 Sanchez–Rodarte reentered the United States without obtaining the express consent of the United States Attorney

General. After Sanchez–Rodarte pleaded guilty to one count of being present in the United States without permission, *see* 8 U.S.C. § 1326(a), the district court sentenced him to 77 months' imprisonment, three years' supervised release, and a $100 special assessment. Sanchez–Rodarte filed a timely notice of appeal, but his appointed counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes there are no nonfrivolous issues for appeal. Pursuant to Circuit Rule 51(b), Sanchez–Rodarte was notified of the opportunity to respond to his counsel's motion to withdraw, but he failed to do so. Because counsel's *Anders* brief is adequate on its face, we limit our review of the record to those potential issues identified in counsel's brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Upon review of the record and the potential grounds for appeal discussed in the *Anders* brief, we conclude that an appeal would be frivolous and therefore grant counsel's motion to withdraw and dismiss Sanchez–Rodarte's appeal.

█ In his *Anders* brief, counsel first evaluates whether Sanchez–Rodarte might argue that the district court erred in accepting his guilty plea. Counsel questions whether Sanchez–Rodarte might contest the voluntariness of his guilty plea by arguing that the district court did not comply with Federal Rule of Criminal Procedure 11. Because Sanchez–Rodarte did not move to withdraw his guilty plea, we would review such an argument only for plain error. *See United States v. Akinsola,* 105 F.3d 331, 333 (7th Cir.1997). Counsel asserts that the district court complied fully with the procedures for the acceptance of a guilty plea outlined in Rule 11, and indeed the transcript of the plea colloquy reveals that the district court thoroughly questioned Sanchez–Rodarte to confirm that he understood the consequences of his plea. Sanchez–Rodarte's representations during the plea colloquy that he understood the charge and the consequences of his guilty plea are presumed truthful. *See United States v. Standiford,* 148 F.3d 864, 868–69 (7th Cir.1998). Moreover, the record reveals that the government presented to the district court a specific factual basis adequately supporting each essential element of the § 1326(a) charge, *see* Fed.R.Crim.P. 11(f), and Sanchez–Rodarte agreed that the government would be able to prove the scenario presented.

█ Counsel also reviews whether Sanchez–Rodarte can make any nonfrivolous challenges to his sentence. But as counsel correctly points out, Sanchez–Rodarte waived the right to appeal his sentence. Sanchez–Rodarte's plea agreement reads:

> Understanding that Section 3742 of Title 18 of the United States Code provides for appeal by a defendant of a sentence under certain circumstances and that he may give up or waive the right to appeal, the defendant knowingly and voluntarily waives any and all rights to appeal his sentence on any ground. The defendant also expressly waives the right to attack his conviction and sentence in any post-conviction proceeding on any ground.

Moreover, Sanchez–Rodarte reiterated during the plea colloquy that he understood he was giving up the right to appeal his sentence. Because there is no reason to believe that the waiver is invalid, and there is no evidence suggesting that the district court relied on an impermissible factor in sentencing, we agree with counsel's conclusion that Sanchez–Rodarte waived any challenge to his sentence. *See United States v. Woolley,* 123 F.3d 627, 632 (7th Cir.1997).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Sanchez–Rodarte's appeal.