**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roger Dwayne ALLEN, Defendant–**
**Appellant.**

**No. 01–1862.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 23, 2001.

Decided July 23, 2001.

**674**

Before BAUER, COFFEY, WILLIAMS, Circuit Judges.

### ORDER

Roger Dwayne Allen pleaded guilty to wire fraud, 18 U.S.C. § 1343. Allen filed an appeal, but after reviewing the record his appointed counsel moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the ground that the appeal is wholly frivolous. Allen has not responded to counsel's motion and counsel's brief is facially adequate, so we limit our review of the record to the issues counsel discusses. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Between May and November 1999, Allen and his codefendant, Altafaye Lindall, operated a scheme to defraud a number of companies of vending machines, amusement games, pay phones, and shipping services. Under the scheme Allen and Lindall arranged for companies to ship merchandise to them, to be paid for by cash on delivery (C.O.D.). Upon receipt of the merchandise, the two defendants paid with checks that were later returned because they were written to accounts that were either closed or lacked sufficient funds. Allen and Lindall caused a total loss of over $80,000 through their fraud.

Allen was indicted in June 2000 for his role in the scheme and he pleaded guilty to the indictment in November 2000. In the Presentence Investigation Report (PSR), the probation officer recommended an offense level of 13, reflecting a base offense level of six, *see* U.S.S.G. § 2F1.1; a six-level upward adjustment because the loss to the victims exceeded $70,000, *see* U.S.S.G. § 2F1.1(b)(1)(G); two-level upward adjustments because the crime involved more than minimal planning, *see* U.S.S.G § 2F1.1(b)(2), and because Allen was an organizer of the offense, *see* U.S.S.G. § 3B1.1(c); and a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), (b)(2). The PSR also recommended that Allen be classified under a criminal history category of VI.

Allen did not object to the PSR, which the district court adopted at sentencing. The district court also denied Allen's motion for a downward departure on the ground that his criminal history category overrepresented the seriousness of his past conduct, *see* U.S.S.G. § 4A1.3. In doing so, the district court noted Allen's numerous prior convictions for passing bad checks, forgery, and deceptive practices and stated that it was "struck by the fact that the defendant's criminal history all relates to the same thing, he's a con man." The district court then sentenced Allen to 41 months' imprisonment, at the top of the applicable sentencing range, and ordered Allen to pay $81,221.20 in restitution.

In her *Anders* brief, counsel first evaluated whether the district court erred in accepting Allen's guilty plea. Counsel questions whether Allen could contest the

voluntariness of his guilty plea by arguing that the district court did not comply with Federal Rule of Criminal Procedure 11. Because Allen did not move to withdraw his guilty plea, we would review such an argument only for plain error. *See United States v. Akinsola,* 105 F.3d 331, 333 (7th Cir.1997). The transcript of the plea colloquy reveals that the district court thoroughly questioned Allen to confirm that he was competent to plead guilty; was proceeding freely and voluntarily; and was knowledgeable about the charge, the factual basis for the plea, the possible penalties he faced, and his constitutional rights. Allen's representations during the plea colloquy are presumed truthful. *See United States v. Standiford,* 148 F.3d 864, 868–69 (7th Cir.1998). Moreover, the record reveals that the government presented to the district court a specific factual basis adequately supporting the elements of the § 1343 charge, *see* Fed.R.Crim.P. 11(f), and Allen agreed that the factual basis was "essentially correct." Accordingly, we agree with counsel that any appeal contesting the validity of Allen's guilty plea would be frivolous.

Counsel next considered whether Allen could argue that the district court failed to comply with the sentencing procedures provided by Federal Rule of Criminal Procedure 32. We agree with counsel that an appeal on this basis would be frivolous. The court fully complied with Rule 32—it gave Allen the opportunity to review and present objections to the PSR before sentencing, allowed Allen and his counsel to address the court concerning the sentence, and advised Allen of his appeal rights.

Finally, counsel assessed whether Allen could challenge the denial of his request for a downward departure on the ground that his criminal history category was overstated. We have jurisdiction to review a refusal to depart from a sentencing range, however, only if the district court committed legal error such as erroneously concluding that it lacked the authority to depart. *See United States v. Hillsman,* 141 F.3d 777, 780 (7th Cir.1998); *United States v. Jarrett,* 133 F.3d 519, 535 (7th Cir.1998). In this case the district court realized its authority to depart, but deemed such departure inappropriate because of Allen's extensive criminal history arising mostly from convictions such as passing bad checks, forgery, and deceptive practices that are related to the present conviction. We would not have jurisdiction to review this discretionary decision, *see United States v. Williams,* 198 F.3d 988, 994–95 (7th Cir.1999), and so the proposed issue is likewise frivolous.

For the foregoing reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.