UNITED STATES of America, Plaintiff–Appellee,

v.

Carlos S. MILLER, Defendant–Appellant.

No. 00–2571.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 15, 2001.

Decided Aug. 16, 2001.

Before POSNER, RIPPLE, and DIANE P. WOOD, Circuit Judges.

### ORDER

In June 2000 Carlos S. Miller pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 76 months' imprisonment, and Mr. Miller filed a timely appeal. Mr. Miller's court-appointed attorney has moved to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes there are no non-frivolous issues for appeal. Mr. Miller did not file a response to counsel's *Anders* brief, as permitted under Circuit Rule 51(b), and thus we confine our review to the issues identified in counsel's brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Because we agree that Mr. Miller cannot present any non-frivolous issues on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

First, counsel evaluated whether Mr. Miller could argue that his guilty plea was not knowing and voluntary. Because Mr. Miller did not move to withdraw his guilty plea, however, we would review such an argument only for plain error, *see United States v. Driver*, 242 F.3d 767, 769 (7th Cir.2001), and employ a "totality of the circumstances" analysis to determine whether Mr. Miller's plea hearing complied with Federal Rule of Criminal Procedure 11. *See United States v. Fernandez*, 205 F.3d 1020, 1024 (7th Cir.2000). Counsel asserts that the district court complied fully with the procedures outlined in Rule 11, and indeed the transcript of the plea colloquy reveals that the district court thoroughly questioned Mr. Miller to confirm that he understood the consequences of his plea. Specifically, the court advised Mr. Miller of the rights he was waiving, verified that he understood the nature of the charges against him, and informed him of the possible maximum penalties. *See id.* Mr. Miller's representations during the plea colloquy that he understood the consequences of his plea and had not been coerced into entering it are presumed truthful. *See United States v. Standiford*, 148 F.3d 864, 868–69 (7th Cir.1998). Moreover, the record reveals that the government presented the district court with a specific factual basis that adequately supported the § 841(a)(1) charge, *see* Fed. R.Crim.P. 11(f), and Mr. Miller agreed that the government would be able to prove the scenario presented. Because the record illustrates that the plea hearing complied with Rule 11, we agree with counsel that it would be frivolous for Mr. Miller to challenge the validity of his guilty plea.

Counsel next considered whether Mr. Miller could argue that the district court improperly calculated his sentence by separately counting two unrelated prior offenses–theft by false representation and disorderly conduct–instead of treating them as "related" or as a single consolidat-

ed offense. *See* U.S.S.G. § 4A1.2(a). Even though Mr. Miller had been sentenced for these two offenses on the same day, the court did not consolidate the cases because the offenses themselves had occurred on different days, they were assigned different case numbers, and there was no order of consolidation. As a result, Mr. Miller received one criminal history point for each offense, which in addition to his other criminal history points, placed him in criminal history category III. We would review deferentially the district court's determination that Mr. Miller's prior convictions should not be consolidated. *See Buford v. United States,* 532 U.S. 59, 121 S.Ct. 1276, 1280, 149 L.Ed.2d 197 (2001).

We have previously acknowledged the possibility that two cases may be considered "functionally consolidated" for sentencing even without a formal consolidation order when the offenses are factually or logically related. *See United States v. Best,* 250 F.3d 1084, 1095 (7th Cir.2001). Here, however, the record does not suggest that the two offenses involved are factually connected in any way, and given the nature of the offenses, it does not logically follow that Mr. Miller's arrest in April 1999 for disorderly conduct was related to his attempt in January 1999 to commit theft through false representation. Furthermore, the record does not suggest that the joint sentencing was conducted for any reason other than administrative convenience. Moreover, the guidelines suggest that offenses separated by an intervening arrest should not be considered consolidated, *see* U.S.S.G. § 4A1.2, comment. (n.3), and the district court determined that Mr. Miller was arrested for attempted theft approximately three months before he was arrested for disorderly conduct. Thus, an argument that the district court clearly erred by finding that these offenses were not consolidated would be frivolous.

Finally, counsel assessed whether Mr. Miller might argue that his sentence is invalid under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the quantity of drugs involved was not specified in his indictment. Counsel correctly concludes, however, that because Mr. Miller's sentence did not exceed the statutory maximum of 20 years, *see* 21 U.S.C. § 841(b)(1)(C), *Apprendi* does not apply. *See United States v. Rodgers,* 245 F.3d 961, 966 (7th Cir.2001). We agree that an argument based on *Apprendi* would be unavailing.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.