**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul W. HOBBS, Defendant–Appellant.**

Nos. 02–2491, 02–4163.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 18, 2002.

Decided Jan. 10, 2003.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 26, 2003.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

## ORDER

Paul W. Hobbs pleaded guilty in case no. 02–CR–33 to one count of possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). In the plea agreement Mr. Hobbs waived his right to appeal his sentence on any ground. In exchange for his guilty plea, the government: (1) filed a motion to dismiss pending charges against Mr. Hobbs in case no. 01–CR–152; (2)

recommended that Mr. Hobbs receive the maximum reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; and (3) recommended that Mr. Hobbs be admitted to a substance abuse treatment program while in the Bureau of Prisons.

The district court sentenced Mr. Hobbs to 115 months' imprisonment and 2 years' supervised release. The district court also dismissed the charges in 01–CR–152, which included a count charging Mr. Hobbs with possession of a firearm by a felon. 18 U.S.C. § 922(g)(1), and mandating a sentence under the Armed Career Criminal Act of 15 years to life. Mr. Hobbs filed a notice of appeal that our clerk's office docketed as case no. 02–2491, but his appellate counsel moves to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern any nonfrivolous issue for appeal. Mr. Hobbs responded to counsel's motion. *see* Circuit Rule 51(b), and we limit our review of the record to the potential issues identified in counsel's facially adequate *Anders* brief and in Mr. Hobbs' response *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss this appeal.

■ Counsel first considers whether Mr. Hobbs should be permitted to withdraw his guilty plea because Mr. Hobbs did not knowingly and voluntarily enter into it. Mr. Hobbs never moved to withdraw his guilty plea in the district court, so we review this argument for plain error. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002); *United States v. Martinez,* 289 F.3d 1023, 1029 (7th Cir.2002). We analyze the "totality of the circumstances" to determine whether any violations of Federal Rule of Criminal Procedure 11 might have affected his willingness to plead

guilty. *See Martinez,* 289 F.3d at 1023. Here the district court carefully followed the requirements of Rule 11, explaining the nature of the charge, the possible penalties, and the various rights that Mr. Hobbs would waive by pleading guilty. Mr. Hobbs stated during the plea colloquy that he understood the charge and the consequences of his guilty plea. We presume these admissions to be truthful. *See United States v. Standiford,* 148 F.3d 864, 868–69 (7th Cir.1998). The district court also ensured that Mr. Hobbs was not pressured or coerced to plead guilty. *See* Fed. R.Crim.P. 11(d). Accordingly, we agree with counsel that any challenge to Mr. Hobbs' guilty plea would be frivolous. Furthermore, withdrawing the plea could result in Mr. Hobbs receiving a greatly increased sentence if the government revived the charge in case no. 01–CR–152 and sought to sentence him as an armed career criminal.

■ Counsel next considers whether Mr. Hobbs could assert on appeal that he received ineffective assistance of counsel. Counsel posits that Mr. Hobbs could premise such a claim on his trial counsel's failure to request downward departures based on over-representation of the defendant's criminal history and diminished capacity at the time of the offense. Mr. Hobbs' trial counsel explained to the judge at the sentencing hearing that he had considered these possibilities and had decided that there were no viable theories on which to seek a downward departure. Mr. Hobbs filed a motion in the district court requesting a mental examination to determine the applicability of a downward departure for diminished capacity, but since he was represented by counsel, he was not entitled to have the district court consider his *pro se* motion. *See United States v. Johnson,* 223 F.3d 665, 668 (7th Cir.2000). Since on this record there is no evidence of inadequate

performance by Mr. Hobbs' trial counsel, the ineffective assistance of counsel claim is not ripe for adjudication. *See United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002). Although Mr. Hobbs may be able to bring such a claim in a collateral proceeding where the record can be more fully developed, we offer no opinion as to the merit of such a claim.

■ Finally, counsel examines whether Mr. Hobbs could challenge his sentence directly, concluding that to do so would be frivolous because in his plea agreement Mr. Hobbs agreed to waive his right to appeal his sentence. A waiver of appeal is valid as long as the plea itself was entered into voluntarily. *United States v. Hare,* 269 F.3d 859, 860 (7th Cir.2001). The record establishes that Mr. Hobbs entered into the guilty plea knowingly and voluntarily. *See Schuh,* 289 F.3d at 975 (noting that "a careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary"). And a valid plea will be enforced unless the sentence exceeded the statutory maximum or the district court relied on impermissible factors, such as race, during sentencing. *Jones v. United States,* 167 F.3d 1142, 1144 (7th Cir.1999). The sentence was within the guidelines and nothing in the record suggests the district court relied on impermissible factors. Consequently, the appeal waiver is valid and any potential appeal of his sentence would be frivolous. Accordingly, we GRANT counsel's motion to withdraw and DISMISS Mr. Hobbs' appeal in case no. 02–2491.

Mr. Hobbs also appeals the district court's denial of his motion requesting the record in case no. 01–CR–152, which our clerk's office docketed as case no. 02–4163. In this appeal Mr. Hobbs asserts that he needs the record from the dismissed case to enable him to determine whether or not to challenge the guilty plea he entered in

02–CR–33. In light of our disposition in case no. 02–2491. we AFFIRM the district court's denial of Mr. Hobbs' motion in case no. 02–4163.