# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2025

Lyle W. Cayce
Clerk

————————

No. 23-11099
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Ramon Castillo-Lopez,

*Defendant—Appellant*.

——————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-98-1

——————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:*

Jose Ramon Castillo-Lopez pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by an illegal alien. In exchange, the Government agreed in the plea agreement to dismiss another charge against him. His plea agreement also contained an appellate waiver provision in which he waived his right to appeal his conviction and sentence, with limited

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

exceptions. After the district court accepted his guilty plea, but prior to sentencing, he unsuccessfully moved to withdraw his guilty plea pursuant to the plea agreement. The district court sentenced Castillo-Lopez to 180 months in prison and ordered the prison term to run consecutively to any sentences imposed in three pending state court cases against Castillo-Lopez.

Castillo-Lopez appeals his sentence and the disposition of his motion to withdraw. The Government has moved to dismiss the appeal on the basis that Castillo-Lopez's sentencing claim is barred by the appeal waiver, and his appeal of his withdrawal motion is a baseless attempt to invalidate the waiver. In the alternative, the Government argues that the claims lack merit.

According to Castillo-Lopez, the district court failed to adhere to the requirements of U.S.S.G. § 5G1.3(c) and did not find that, or clarify whether, his instant sentence should be served concurrently with an anticipated state sentence for an offense that is relevant conduct. He asserts that it is uncertain whether the district court understood that it could order the sentences to run concurrently or properly exercised its discretion to do so.

The record establishes that Castillo-Lopez knowingly and voluntarily waived his right to appeal pursuant to the valid and enforceable appeal waiver provision in his plea agreement and that the plain language of the waiver bars his instant sentencing claim. *See United States v. Barnes*, 953 F.3d 383, 389 & n.11 (5th Cir. 2020); *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014) ("An appeal waiver bars an appeal if the waiver (1) was knowing and voluntary and (2) applies to the circumstances at hand, based on the plain language of the agreement." (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)). Therefore, Castillo-Lopez's sentencing claims should be dismissed. *See United States v. Story*, 439 F.3d 226, 230-31 & n.5 (5th Cir. 2006).

No. 23-11099

Castillo-Lopez further argues that the district court incorrectly construed and disposed of his withdrawal motion. He alleges that his motion asked to proceed with his previously entered guilty plea and to withdraw only from his plea agreement. Castillo-Lopez maintains that his motion should have been granted because he had an absolute right to withdraw from his plea agreement before the district court accepted it or, alternatively, because he showed a fair and just reason to withdraw only from the plea agreement. We pretermit which, if any, of these arguments are barred by the appeal waiver because the claims are without merit. *See United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008) (declining to address whether an issue was barred by an appeal waiver when the "appeal [was] more easily resolved on the merits.").

We need not decide the standard of review for Castillo-Lopez's arguments that the district court erred in construing the motion because they are unavailing under any standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Castillo fails to show that the district court erred in interpreting the motion as seeking to withdraw only his plea agreement and in analyzing whether, based on the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), he offered a fair and just reason to withdraw his guilty plea. In addition, he has not shown that the district court abused its discretion in deciding that the *Carr* factors did not warrant a withdrawal of his plea. *See United States v. Strother*, 977 F.3d 438, 443 (5th Cir. 2020). His attorney-drafted brief, which is not liberally construed, *see Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986), does not argue that the district court should have acted sua sponte to allow him to withdraw from the plea agreement only. Accordingly, he has waived any such argument. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010). His suggestion that he had an absolute right to withdrawal from the plea agreement before it was accepted by the district court, which he raises for the

3

No. 23-11099

first time on appeal, does not rely on established law or settled precedent. *See, e.g.*, *United States v. Standiford*, 148 F.3d 864, 867-68 (7th Cir. 1998). He therefore has not shown plain error in this regard. *See United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024). The denial of his withdrawal motion is affirmed.

AFFIRMED in part; APPEAL DISMISSED in part; motion to dismiss GRANTED in part.