In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1157

United States of America,

Plaintiff-Appellee,

v.

Shukri Shaker,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:99 cr 168-1--Rudy Lozano, Judge.

Argued August 8, 2001--Decided January 29, 2002

Before Ripple, Manion, and Rovner, Circuit
Judges.

Per Curiam.  Shukri Shaker pleaded guilty
to possession of a firearm by a felon as
part of a plea agreement, but sought to
withdraw his plea before the district
court accepted it. The district court
denied Shaker's motion to withdraw his
plea, and Shaker appeals. We reverse and
remand.

I.

After federal agents learned that Marvin
Harris was selling crack cocaine from
John's Food Store in Gary, Indiana, they
arranged a series of controlled buys
through a cooperating witness. After the
fourth buy the agents executed a search
warrant for the store, seizing cash,
crack cocaine, and guns from the check-
out area and detaining Shukri Shaker, who
was working as a cashier. Shaker
cooperated with the agents, directing
them to crack cocaine hidden in a false-
bottom can behind the check-out counter
and explaining that although he knew of
Harris's crack dealing, he was not
involved. Shaker told the agents that he
worked for his brother Gamal, the store's
owner, and that when he asked Gamal about
Harris's activities he was told to mind
his own business. Harris too was
interviewed; he told the agents that he

shared the profits from his drug sales only with Gamal, not Shaker, but conceded that both brothers assisted his sales by exchanging cash for crack from behind the check-out counter.

In July 1999 a grand jury returned a three-count indictment charging Shaker, Gamal, and Harris with conspiracy, possession of crack with intent to distribute, and maintenance of a crackhouse. The government, however, agreed to dismiss the indictment as to Shaker in exchange for his guilty plea to a one-count information charging Shaker with possession of a firearm by a felon, 18 U.S.C. sec. 922(g)(1). That plea agreement made no mention of the drug sales. After a change-of-plea hearing on November 4, 1999, the district court, despite finding Shaker competent and his plea knowing, voluntary, and supported by a sufficient factual basis, explicitly deferred acceptance of Shaker's plea:

I am deferring my decision on acceptance or rejection of your plea of guilty and your Plea Agreement until after I've had an opportunity to study the Presentence Report. If your plea of guilty and your Plea Agreement are then accepted, I will so advise you.

On December 15, the facts underlying the soon-to-be dismissed drug charges resurfaced in the PSR: the probation office determined that in violating sec. 922(g)(1) Shaker possessed the firearms "in connection with" the drug offenses and proposed a "cross reference" to a drug crimes guideline. See U.S.S.G. sec.sec. 2K2.1(c)(1)(A); 2D1.1. The application of the drug guideline resulted in a minimum term of imprisonment of 84 months, four times the minimum term contemplated by the firearms guideline. On December 23 the government objected to the cross reference to the drug guidelines, arguing in identical language in both a written objection to the PSR and in a memorandum to the probation officer:

[Sec.] 2K2.1(c)(1) requires the defendant to use or possess a firearm during the commission of another offense. The government has no evidence that the defendant used or possessed a firearm during any of the crack sales. The government believes this section is not

applicable to the defendant.

   Additionally, the government does not believe that the drug dealing is "relevant conduct" to the crime of a Felon in Possession of a Firearm, or that it falls under the "common scheme" or "same course of conduct" as defined in [sec.] 1B1.3(a)(2) and the Commentary.

Shaker filed a similar objection on January 5, 2000, but the probation officer defended his initial recommendation in a January 14 addendum to the PSR. Shaker then re-entered negotiations with the government, and on February 4 the government moved to postpone Shaker's sentencing to allow time for Shaker to provide additional information and for the government to file a motion for downward departure based on Shaker's substantial assistance to authorities. See U.S.S.G. sec. 5K1.1.

   The government, though, never moved for a downward departure, and on October 4 Shaker moved to withdraw his guilty plea, arguing that the government led him to believe during plea negotiations that he would receive a lesser sentence unaffected by the conduct related to the dismissed drug counts. Shaker filed an amended motion on October 10, arguing that the government agreed to limit his accountability to the facts stipulated in the plea agreement and that any sentence based on additional facts made his guilty plea involuntary. The amended motion also noted that the district court had deferred acceptance of Shaker's plea pending review of the PSR:

   13.  Further, the Court upon taking of said Plea, advised the Defendant that it would advise the Defendant as to whether his Plea would be accepted or rejected on his Sentencing Date subject to receipt of said Pre-Sentence Investigation Report. As such, the Court can either reject or accept the version as to additional facts submitted by Probation.

In its October 12 response, the government urged denial of Shaker's motions, arguing that Federal Rule of Criminal Procedure 32(e) prevented withdrawal of a plea without a "fair and just reason" and that Shaker had failed to offer such a reason. The district court denied Shaker's motions after a

hearing on November 16. Shaker reiterated his objections to a sentence based on the drug offenses at his January 10, 2001 sentencing hearing, but this time thegovernment sided with the probation officer and argued that the drug offenses qualified as relevant conduct. The court adopted the guidelines calculations in the PSR and sentenced Shaker to 84 months' imprisonment. Shaker appeals.

II.

On appeal, the government contends that the district court did not abuse its discretion in denying Shaker's motions to withdraw his guilty plea because Shaker failed to comply with Federal Rule of Criminal Procedure 32(e). The rule provides that "[i]f a motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e). Shaker argues that Rule 32 applies only to accepted guilty pleas.

The government acknowledges that none of our cases speak to whether Rule 32 governs unaccepted pleas, but argues that the question is irrelevant because in Shaker's case the district court's findings on voluntariness and the adequacy of the factual basis constituted the "functional equivalent of acceptance." The Fifth Circuit takes this approach, viewing the deferred acceptance of a plea pending PSR review as "provisional acceptance" so long as all relevant Rule 11 findings have been made. See United States v. Grant, 117 F.3d 788, 790-92 (5th Cir. 1997). Indeed, the Fifth, Sixth, and Eighth Circuits have concluded that acceptance is largely irrelevant and that Rule 32 applies whenever the district court has conducted a thorough Rule 11 colloquy--even if the court defers acceptance. See id.; United States v. Mader, 251 F.3d 1099, 1104-05 (6th Cir. 2001); United States v. Payton, 168 F.3d 1103, 1105 (8th Cir. 1999).

Unlike the Fifth Circuit, however, we cannot construe deferral as acceptance. In United States v. Ellison, 835 F.2d 687, 689-90 & nn. 4-5 (7th Cir. 1987), a case not acknowledged by the government, we explicitly encouraged district courts to defer acceptance of a guilty plea pending review of the PSR. See also

United States v. Ewing, 957 F.2d 115, 118 n.2 (4th Cir. 1992) (noting that nothing prevents such a practice). To now construe deferral as acceptance would render meaningless a practice that we have endorsed, and in this case would require us to ignore the district court's clear expression of intent to defer acceptance.

Nor are we willing to take an approach that minimizes the importance of the court's acceptance of the guilty plea. We view a guilty plea as a process involving both the defendant and the district court, and culminating in the court's acceptance of the plea. The tenor of the Supreme Court's opinion in United States v. Hyde, 520 U.S. 670 (1997), supports our understanding that acceptance is a crucial part of this process. See id. at 674 (Rule 11 lists "steps a district court must take '[b]efore accepting a plea of guilty,' and without which it 'shall not accept a plea of guilty.' Based on this language, we conclude that once the court has taken these steps, it may, in its discretion, accept a defendant's guilty plea."). Indeed, until the plea is accepted it might be said that there is nothing for the defendant to withdraw.

Accordingly, we hold--like the Second and Ninth Circuits, see United States v. Persico, 164 F.3d 796, 800-01, 806 (2d Cir. 1999); United States v. Alvarez-Tautimez, 160 F.3d 573, 576 (9th Cir. 1998)--that Rule 32(e) is triggered only when the district court completes the plea process by accepting the plea. Thus, in this case, the district court should have permitted Shaker to withdraw his plea freely, without any inquiry into Shaker's reasons for seeking to set it aside. When Shaker sought to unwind his plea, the district court had not yet agreed to accept it; Shaker thus needed no explanation for his change of heart.

Accordingly, the judgment is REVERSED and the case REMANDED to permit Shaker to withdraw his guilty plea.