In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-3259

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT E. MERRIWEATHER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 98 CR 182—**Rudy Lozano**, *Judge.*

SUBMITTED MAY 28, 2002—DECIDED JUNE 27, 2002

Before BAUER, POSNER and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* The appellant, Robert Merriweather, appeals his conviction upon guilty plea to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). Merriweather argues that the district court abused its discretion in refusing to allow him to withdraw his guilty plea before accepting it. The government appropriately confesses error on appeal. Accordingly, we REVERSE Merriweather's conviction and REMAND for further proceedings.

## Background

On October 20, 1998, a federal grand jury returned a one count indictment charging Merriweather with possession with intent to distribute a detectable quantity of crack cocaine. Following a denial of his motion to suppress evidence, Merriweather entered a guilty plea. The district court reserved accepting the plea until the pre-sentence report was prepared.

Merriweather subsequently moved to withdraw his guilty plea. The district court denied that motion and then accepted the plea. A judgment of conviction was entered and Merriweather was sentenced to 324 months.

## Discussion

We review the district court's denial of Merriweather's motion to withdraw his guilty plea for an abuse discretion. *United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994). The district court by definition abused its discretion if it made an error of law. *United States v. Palomino-Rivera*, 258 F.3d 656, 658 (7th Cir. 2001).

In *United States v. Shaker*, this Court reversed the district court's denial of the appellant's motion to withdraw his guilty plea, holding that where a plea has not yet been accepted by the court, the defendant is entitled to withdraw his plea freely and without inquiry. 279 F.3d 494, 497-98 (7th Cir. 2002). Because this case is indistinguishable from *Shaker* (as the government concedes), that decision mandates reversal here. Merriweather is entitled to withdraw his guilty plea.

We need not reach any additional arguments advanced by Merriweather in support of his claim that he should be allowed to withdraw his plea.

## Conclusion

The appellant's conviction is REVERSED and the case REMANDED to permit the withdrawal of his guilty plea.

A true Copy:

     Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*