**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Darius PETERSON, Defendant–Appellant.**

No. 01–3082.

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 2002.

Decided July 11, 2002.

Before EASTERBROOK, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

### ORDER

Charged with two counts of possession with intent to distribute crack cocaine, Darius Peterson negotiated a favorable deal: he pleaded guilty to simple possession of powder cocaine, *see* 21 U.S.C. § 844(a), and in exchange the government dismissed the distribution counts. Peterson was then sentenced to thirteen months' imprisonment, most of which he had already served by the time of sentencing. Nonetheless, one month before the prison sentence was to expire, Peterson filed a notice of appeal, but his appellate attorney now seeks to withdraw because he could not find any non-frivolous issues. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Notified of his attorney's motion to withdraw, *see* Cir. R. 51(b), Peterson has filed a response identifying potential issues that he thinks are not frivolous. Our review is confined to those issues discussed in counsel's *Anders* brief and in Peterson's response. *See United States v. Tabb*, 125 F.3d 583 (7th Cir.1997).

Counsel considers whether Peterson could challenge the district court's refusal to give him a new lawyer after appointed counsel was allowed to withdraw before sentencing. We think that such an argument would be frivolous. An indigent defendant has a right to competent counsel, but not to counsel of his choice. *United States v. Oreye*, 263 F.3d 669, 671 (7th Cir.2001). Here, the district court had already appointed Peterson two attorneys, both of whom the court found to be "experienced and capable." And Peterson gave no reasons, other than conclusory allegations that his second attorney was ineffective, why the court should appoint another. The court was therefore fully justified not to do so. *See id.* Our review of the transcript also confirms counsel's conclusion that the court adequately informed Peterson of the dangers of self-representation. *See id.* at 672.

Counsel also examines whether Peterson might argue that Judge Lozano should have recused himself. Peterson moved for Judge Lozano's recusal because he

thought that Judge Moody, who presided at the change-of-plea hearing because Judge Lozano was ill, had greater familiarity with the facts of the case. But even assuming Peterson was right (and we are in no way suggesting that he was), that still would not have required Judge Lozano's recusal. *See generally* 28 U.S.C. § 455. We therefore agree with counsel that an appeal on this ground would be frivolous.

■ Next, counsel examines whether Peterson might challenge the district court's denial of his motion to withdraw his plea. Peterson moved to withdraw the plea on three grounds. First, he alleged that his second appointed attorney, Kerry Connor, "coerced" him into accepting the plea by advising him that he would be taking "a big chance" if he went to trial. But Peterson made no showing whatsoever how this advice fell below minimal standards of professional norms, *see Winters v. Miller*, 274 F.3d 1161, 1166 (7th Cir.2001), so an appeal on this issue would be frivolous. And it appears to us that Connor's advice was eminently reasonable; the total amount of crack in the two distribution counts approached five grams, and, according to counsel, Peterson's primary defense had he gone to trial would have been that the drugs were for his personal use. It is therefore inconceivable that Peterson would have received anything better at trial than the simple possession deal Connor negotiated for him.

Peterson also alleged that Connor "deceived" him into accepting the plea by informing him that, if he did so, the government would then stipulate that the drug involved was powder cocaine and not crack. The record reveals that Connor did send Peterson a letter to that effect, though from our reading of the letter, it seems that what Connor really meant to say was that if Peterson were to plead

guilty the government would forgo retesting the seized drugs to verify that the substance was crack and not powder cocaine. (Because Indiana makes no distinction at sentencing between cocaine and crack, the original lab report did not identify what type of cocaine was seized.) The government, however, never made any stipulation and before sentencing submitted to the probation officer an amended lab report showing that Peterson had in fact possessed crack cocaine. But although these facts are somewhat troubling, they would not have any potential as an appellate issue because there is no evidence in the record to suggest that Connor did not believe what she said to be true. *See id.* (if an attorney's strategic decision was sound at time it was made, that decision cannot be said to have fallen below minimal professional standards). Connor herself testified at the hearing that it was her "understanding" that the government would stipulate to the drug being powder cocaine, and that she was "surprised" when the government submitted its amended lab report. Peterson offered no evidence to rebut this testimony, so it would be untenable for him to now argue that Connor's advice to plead guilty was somehow "deceptive." We might also add that the district court ultimately decided in fairness to Peterson to base his sentence on cocaine and not crack, though given that Peterson (who has a prior drug conviction) could have only received a maximum of two years anyway, *see* 21 U.S.C. § 844(a), the court's choice had minimal effect on his prison term.

Peterson's third ground for withdrawing his plea was that the government breached the plea agreement by not stipulating to the drugs being powder cocaine. This might have provided a valid basis for appeal if Peterson had offered any evidence showing that the government and defense

counsel had in fact agreed to the "stipulation" as an undisclosed term of the plea agreement. But there is no evidence in the record that the government ever agreed to do so; that Connor *thought* there was an agreement does not necessarily mean there was one. An appeal on this issue would therefore be frivolous.

Counsel next considers whether Peterson could argue that he had an absolute right to withdraw his plea because the district court had not yet accepted the plea agreement. But if a district court has accepted the plea itself (as the court did here), the defendant must proceed under the "fair and just" standard of Federal Rule of Criminal Procedure 32(e), regardless whether the court deferred acceptance of the plea agreement. *United States v. Standiford*, 148 F.3d 864, 867–68 (7th Cir. 1998); *cf. United States v. Shaker*, 279 F.3d 494, 497 (7th Cir.2002) (Rule 32(e) is triggered only when the district court completes the plea process by accepting the plea). Counsel also indicates that Peterson is under the misapprehension that Judge Lozano at some point *rejected* the plea agreement. Our review of the record, however, confirms counsel's conclusion that there is no evidentiary support for Peterson's allegation.

Finally, counsel examines whether Peterson could raise any non-frivolous challenges to his sentence. But as part of the plea agreement, Peterson waived his right to appeal any sentence within the statutory maximum. A waiver of appeal will be enforced so long as the plea itself was voluntary, *United States v. Hare*, 269 F.3d 859, 860 (7th Cir.2001); here, challenging the voluntariness of the plea would be frivolous because, as counsel points out, the district court meticulously adhered to the requirements of Federal Rule of Criminal Procedure 11.

Peterson proposes a number of additional issues in his Rule 51(b) response, including an allegation that he is the "victim of a federal conspiracy" involving Connor, prosecutor Gary Bell, Judge Lozano, and current counsel on appeal. We have reviewed Peterson's proposed arguments and conclude that they would all be frivolous. The motion to withdraw is therefore GRANTED, and the appeal is DISMISSED. Peterson's motion for appointment of substitute counsel is DENIED.