UNITED STATES of America,
Plaintiff–Appellee,

v.

Raymond E. BOYLE, a/k/a Fence
Man, Defendant–Appellant.

No. 01–2847.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 25, 2002.*

Decided Oct. 25, 2002.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**308**

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

ORDER

Raymond Boyle pleaded guilty to a charge of conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a), 846, and was sentenced to 60 months' imprisonment, four years' supervised release, and a $100 special assessment. Boyle's counsel now moves for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern a non-frivolous issue for appeal. We confine our review to the potential issues discussed in counsel's *Anders* brief and in Boyle's response filed pursuant to Circuit Rule 51(b). For the reasons set forth below, we grant counsel's motion to withdraw and dismiss the appeal.

The facts adduced at Boyle's Rule 11 change-of-plea hearing, which he admitted were true, establish that Boyle was engaged in a conspiracy to possess and distribute marijuana from 1997 to 1999. On November 4, 1997, police seized approximately 181 pounds of marijuana in Terre Haute, Indiana. Further investigation re-vealed that a man named Lewis Deckenecker drove the drugs to northern Indiana, where he delivered them to a number of other individuals. Boyle was among the people who routinely purchased marijuana from Deckenecker and others, and then sold it in Wisconsin or Michigan. Boyle pleaded guilty under an agreement with the prosecutor, admitted that the drug conspiracy charges were true, that his attorney had been effective in representing him, and that no one had threatened him or promised him anything in exchange for his plea. He also waived his rights to appeal his sentence and to seek collateral relief under 28 U.S.C. § 2255.

Two months after Boyle pleaded guilty, he sought to withdraw his plea claiming that his attorney, Patrick Stangl, convinced him to accept a guilty plea in order to avoid further legal fees and expenses. Moreover, Boyle contended that Stangl made several errors in his representation, including failing to interview witnesses, failing to communicate with the client, and failing to file motions to suppress certain evidence. The district court denied Boyle's motion to withdraw his plea, finding that he could not establish that his plea was not knowing and voluntary. The court sentenced Boyle to the statutory minimum period of imprisonment, 60 months.

Counsel first examines whether the district court failed to comply with the requirements of Rule 11 before accepting Boyle's plea, as Boyle contends in his Circuit Rule 51(b) Response. Counsel notes that the court did not inform Boyle, as required by Fed.R.Crim.P. 11(c)(1), that it could depart upward from the Guidelines in imposing his sentence. But we would find that this error was harmless because Boyle was sentenced to the statutory minimum period of imprisonment. In addition,

counsel states that the court failed to inform Boyle that he could be prosecuted for perjury on the basis of any false statements made during the plea colloquy. *See* Fed.R.Crim.P. 11(c)(5). Boyle, however, is facing no pending or prospective perjury prosecution, so this claim would also be frivolous. *United States v. Graves,* 98 F.3d 258, 259 (7th Cir.1996).

 Counsel next questions whether the district court abused its discretion by denying Boyle's motion to withdraw his guilty plea. We ordinarily review a district court's denial of a motion to withdraw a plea for abuse of discretion. *United States v. Merriweather,* 294 F.3d 930, 931 (7th Cir.2002). Indeed, a defendant who seeks to withdraw his guilty plea by contradicting his statements made under oath at his Rule 11 hearing "faces a heavy burden of persuasion" to show that his plea was not knowing and voluntary. *United States v. Logan,* 244 F.3d 553, 558 (7th Cir.2001). Counsel initially addresses Boyle's potential claim that his attorney, Patrick Stangl, created a conflict by arguing against him during the hearing on his motion to withdraw the plea. But this argument would not substantiate a claim by Boyle that his plea was not entered knowingly and voluntarily at the time of his Rule 11 hearing.

Further, nothing in the record suggests that the district court relied upon Stangl's argument in denying the motion to withdraw the plea. Instead, the court stated that it relied upon Boyle's admissions during the Rule 11 colloquy, which we have found are sufficient to justify a denial of a motion to withdraw the plea. *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002). Admissions during the Rule 11 hearing are presumed truthful for our purposes on appeal. *Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir. 2000). Because we would conclude that the district court substantially complied with the requirements of Rule 11 in accepting Boyle's guilty plea and that the district court did not abuse its discretion in denying the motion to withdraw the plea, we therefore agree with counsel that Boyle's argument would be frivolous. Because we conclude that Boyle voluntarily waived his right to appeal his sentence, it is unnecessary to discuss the sentencing errors that he raises in his Rule 51(b) response.

Finally, Boyle claims in his Rule 51(b) response that if his appeal proceeds, he intends to challenge his conviction on the basis of ineffective assistance of counsel. But we have held that such arguments are premature and should instead be brought in a collateral attack to the defendant's conviction so that supporting facts may be developed. *Schuh,* 289 F.3d 968 at 975. Nothing in the record suggests a reason to depart from this general rule.

For the reasons stated above, we GRANT counsel's motion to withdraw and DISMISS this appeal.