**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Albert BARBER, Jr., a/k/a Zeek,
Defendant–Appellant.**

No. 02–1332.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 27, 2002.*

Decided Dec. 10, 2002.

Before Hon. RIPPLE, Hon. KANNE, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.

ORDER

Albert Barber, Jr., appeals his conviction for conspiracy to distribute 50 grams or more of crack in violation of 21 U.S.C. § 841(a)(1). Mr. Barber argues that the district court abused its discretion in refusing to allow him to withdraw his guilty plea before the district court had accepted it. The government confesses error. We believe the confession of error is well-taken and therefore we reverse Mr. Barber's conviction and remand to allow Mr. Barber to withdraw his guilty plea.

On October 20, 1999, Mr. Barber appeared in court to plead guilty to the conspiracy charge. Initially that morning Mr. Barber stated that he no longer wanted to plead guilty, but after further discussions with defense counsel he returned to court that afternoon and agreed to proceed with his guilty plea. The court conducted a change of plea colloquy pursuant to Fed. R.Crim.P. 11, but then stated, "I am deferring my decision on acceptance or rejection of your plea of guilty and your Plea Agreement until after I've had an opportunity to study the Presentence Report. If your plea of guilty and the Plea Agreement are then accepted, I will so inform you."

When his case was called for sentencing in February 2000, Mr. Barber moved to withdraw his guilty plea. That motion was denied with leave to refile because of a change in counsel, and the sentencing was postponed. In June 2000 Mr. Barber's new attorney submitted another motion on his behalf, asserting that Mr. Barber had accepted the plea agreement only because he was coerced into doing so by his previous attorney. After a July 2000 evidentiary hearing, the court refused Mr. Barber's request, reasoning that Mr. Barber was not credible and that he had failed to offer a "fair and just reason" for seeking to withdraw his plea. The district court later accepted Mr. Barber's guilty plea and in January 2002 sentenced him to a term of 292 months in custody and five years of supervised release.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Schuh,* 289 F.3d 968, 974–75 (7th Cir.2002). A district court abuses its discretion when it commits an error of law. *See United*

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

*States v. Palomino–Rivera,* 258 F.3d 656, 658 (7th Cir.2001).

Both parties agree that our decision in *United States v. Shaker,* 279 F.3d 494 (7th Cir.2002), controls. In *Shaker,* we reversed the denial of a motion to withdraw a guilty plea where the district court had explicitly deferred acceptance of the defendant's guilty plea, just as the court did here. We concluded that until the court accepts the plea the defendant should be permitted to withdraw it freely and without any explanation. *Id.* at 497–98. In denying Mr. Barber's request to withdraw his guilty plea the district court did not have the benefit of our decision in *Shaker,* which was published eighteen months later. Nevertheless, as the government concedes, this case is indistinguishable from *Shaker. See also United States v. Merriweather,* 294 F.3d 930, 931 (7th Cir.2002). Mr. Barber is entitled to withdraw his guilty plea since it had not been accepted by the district court when he filed his motion.

Accordingly, Mr. Barber's conviction is REVERSED, and the case is REMANDED to permit him to withdraw his guilty plea.