UNITED STATES of America, Appellee

v.

Erik Donaire Constanza
BRAN, Appellant.

No. 08–3086.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 29, 2009.

Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, Mary Elissa Mogavero, Tritia Lindsay Yuen, Trial Attorneys, Brian M. Tomney, Teresa A. Wallbaum, U.S. Department of Justice, Washington, DC, for Appellee.

Elita C. Amato, Law Office of Elita C. Amato, Arlington, VA, for Appellant.

Before: BROWN and KAVANAUGH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed. The appellant has not identified any reversible errors in the district court's decision. *Senior Circuit Judge* WILLIAMS appends a concurring statement.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### APPENDIX

### CONCURRING STATEMENT OF SENIOR CIRCUIT JUDGE WILLIAMS.

On March 11, 2008 Erik Donaire Constanza Bran pled guilty to conspiring to distribute five or more kilograms of cocaine, knowing that it would have been unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 960 and 963. At the plea hearing, Bran and the government jointly submitted a plea agreement stating that "[t]he parties agree[d] that the Defendant will receive a sentence of confinement of 144 months (12 years) in accordance with Federal Rule of Criminal Procedure 11(c)(1)(C)." The agreement also allowed the "United States, within its sole discretion, [to] file a motion to reduce the Defendant's sentence under Section 5K1.1 of the U.S.S.G. and/or Rule 35 of the Federal Rules of Criminal Procedure." Thus the plea agreement effectively provided for a sentence that ranged between 144 and, subject to the prosecutor's and court's discretion, 0 months. The district court explained that at the sentencing hearing it would consider whether to accept the plea agreement.

After the court accepted the plea (subject to defendant's right to withdraw from the plea in the event that the court later rejected the plea agreement, see Federal Rule of Criminal Procedure 11(c)(5)), but before the sentencing hearing, Bran filed a motion seeking to withdraw from the plea agreement. At the sentencing hearing,

the district court denied that motion, accepted the plea agreement, and sentenced Bran to 144 months in accordance with the agreement.

Bran appealed, arguing that it was improper for the district court to apply the "fair and just reason" standard stated in Rule 11(d)(2)(B), as that rule governs the withdrawal of pleas, whereas his motion sought to withdraw only the plea agreement. When applying the fair and just reason standard to a defendant's motion to withdraw a plea, courts consider three factors: "(1) whether the defendant has asserted a viable claim of innocence; (2) whether the delay between the guilty plea and motion to withdraw has substantially prejudiced the government's ability to prosecute the case; and (3) whether the guilty plea was somehow tainted." *United States v. West*, 392 F.3d 450, 455 (D.C.Cir. 2004). The last of these three factors is the most important. *Id.*

Bran does not provide a reason for applying a different standard, though he does suggest a basis for giving the latitudinarian "fair and just" criterion a somewhat different content. Citing *United States v. Lopez*, 385 F.3d 245 (2d Cir.2004), he argues that the first and third of the standard factors "don't readily apply in the context of a withdrawal from the agreement" and that the government would not be prejudiced by his withdrawal from the agreement. See *id.* at 253–54. This contention's premise, that the plea and plea agreement are completely separable, is inconsistent with *United States v. Standiford*, 148 F.3d 864, 867–68 (7th Cir.1998). *Standiford* holds that they are not, so that to withdraw from the agreement the defendant must satisfy the "fair and just" standards explicitly governing the right to withdraw from the plea itself.

The *Lopez* decision considered an effort by the defendant to withdraw from a plea agreement made under Rule 11(c)(1)(B), a type of agreement evidently not under consideration in *Standiford*. It first held that such an agreement could be withdrawn with no impact on the plea itself. Under Rule 11 such an agreement involves no more than a government *recommendation* of a sentence (or agreement not to oppose a sentence), and the court held that the plea was thus "wholly independent of the court's acceptance of the recommendations." 385 F.3d at 251. It followed that the defendant could similarly withdraw from the agreement with no consequences for the plea itself. *Id.* *Lopez* did not explain why the court's acceptance or rejection of a Rule 11(c)(1)(B) *recommendation* was equivalent to accepting or rejecting the plea agreement. Compare Rule 11(c)(3)(A) (providing for the court's acceptance or rejection of a plea agreement under Rule 11(c)(1)(A) or 11(c)(1)(C)) with Rule 11(c)(3)(B) (providing that with a plea agreement under Rule 11(c)(1)(B) the court is to advise defendant that he or she has no right to withdraw the plea if the court does not follow the recommendation or request).

*Lopez*'s reason for delinking the plea and plea agreement is obviously inapplicable here. Bran's plea was under Rule 11(c)(1)(C), so that court rejection of the agreement would give Bran a right to withdraw his plea. See Rule 11(c)(5). The holding of *Lopez*, therefore, provides no reason to separate withdrawal from Bran's plea agreement from withdrawal from his plea. (The *Lopez* court suggested in dictum that agreements under subsections (A) and (C) of Rule 11(c)(1) might also be defeasible separately from the plea, but without explanation of what would prevent the defendant from exercising his right under Rule 11(c)(5) to withdraw from

a plea if the associated plea agreement ceased to have effect. See 385 F.3d at 251–52 n. 13.)

The government, however, does not rely on the different character of the plea in *Lopez*. Rather, it points out that that court, though finding that the "just and fair reason" standard did not directly apply (as it governs pleas), nonetheless ruled that the distinction did "not prevent us from borrowing the 'fair and just reason' requirement for use in this situation." 385 F.3d at 253.

One may assume in Bran's favor that Rule 11 allows a party to withdraw from a Rule 11(c)(1)(C) agreement without withdrawing from the underlying plea. One may further assume in his favor the suitability of applying the framework he advocates—namely that of the *Lopez* court. But even under that framework the district court did not abuse its discretion in denying Bran's motion. Bran argues that the government would not be prejudiced because he does not seek a new trial and the government could seek a higher sentence just as he could seek a lower sentence. [Blue 6–7]. But whether the government would be prejudiced is not the only inquiry required by *Lopez*. The *Lopez* court, adjusting the three-factor test to fit the plea agreement context, reformulated the question of whether the plea was tainted into an inquiry whether elements of the plea agreement other than defendant's commission of the crime were somehow illegitimate, namely, "whether the defendant failed to understand, was misled about, or *simply does not like certain subsidiary terms of the plea agreement (e.g., the length of the sentence),*" *id.* at 255 (emphasis added), plainly regarding the latter as no basis for withdrawal from the agreement. Because Bran has offered no reason for the withdrawal from his plea agreement other than his dissatisfaction with the length of the sentence, the judgment of the district court deserves to be affirmed.